**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FAY LYNN SNIDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00426-O-BP** |
| | § | |
| **WISE COUNTY, TEXAS, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Fay Lynn Snider's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction filed on April 7, 2026 (ECF No. 2). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** Plaintiff's Motion for a temporary restraining order ("TRO") and temporary injunction (ECF No. 2).

**I.      BACKGROUND**

Fay Snider sues several defendants in Wise County, asserting various civil rights violations and state law claims. Among these defendants is Bryn Hudson, the operator of Peppy Pet Rescue, into whose care Snider placed her dog "Ebony" after a fraught encounter with a Wise County Animal Control officer at Snider's residence in 2024. *See* ECF No. 15 at 12-13. Snider now sues Hudson for conversion, alleging that she has unlawfully retained Ebony. *Id.* at 5, 13. Snider also sues the Wise County Animal Control officer (Defendant Miranda Miller) and others for civil rights claims concerning the removal of two other dogs ("Camden" and "Fancy") from Snider's property. *See, e.g.*, *id.* at 16. The Court has federal question jurisdiction over Snider's civil rights

claims against Wise County and Wise County officials and supplemental jurisdiction over her claim against Hudson. *See* 28 U.S.C. §§ 1331, 1367(a) (2026).

On April 7, 2026, contemporaneously with her Complaint, Snider filed the instant emergency motion for a TRO and temporary injunction under penalty of perjury. ECF No. 2 at 10. In part, Snider seeks injunctive relief restraining "all Defendants . . . from transferring, adopting out, selling, euthanizing, moving, concealing, or otherwise disposing of any animal belonging to Plaintiff pending further order of t[he] Court." *Id.* at 9. Snider has not provided notice to Defendants. *See id.* at 2-3.

## II.    LEGAL STANDARD

A TRO is "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). The Federal Rules of Civil Procedure govern the issuance of a TRO, which a court may enter with or without notice to the non-moving, adverse party. However, the standard for issuing a TRO without notice, or *ex parte*, "is an exacting one." *Lozano v. Perez*, No. 4:24-cv-00475-O, 2024 WL 3635521, at *1 (N.D. Tex. May 23, 2024) (O'Connor, J.). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39 (1974).

The Federal Rules thus only permit issuance of a TRO without notice if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

2

The Court's Local Civil Rules also require a party filing a motion seeking injunctive relief such as a TRO or temporary injunction to include a certificate of conference that states whether the other parties oppose or do not oppose the motion or explains why such a conference could not be conducted. Local Civil Rule 7.1(b).

## III.    ANALYSIS

Snider argues that advance notice of her Motion to any defendant "would cause Ebony, Camden, or Fancy to be moved, hidden, transferred, or otherwise made unavailable before the Court can act." ECF No. 2 at 2. Specifically, she contends that Hudson has a history of physically concealing Ebony from Snider, and she expresses fear that Wise County officials will euthanize her pets. *See id.* 3-5. Although Snider believes that advance notice of the present Motion will incentivize Defendants to conceal or destroy her animals, the Court is unpersuaded that she has carried her burden to demonstrate that irreparable injury will result before Defendants can be heard in opposition.

For one matter, the Court does not discern how simply "conceal[ing]" Ebony poses an irreparable injury, especially when, as Snider tells it, Ebony has been out of Snider's custody and, presumably "concealed," for more than twenty months. ECF No. 2 at 7. At most, Snider posits that "[e]very day of separation causes irreparable harm that cannot be compensated," but this argument is particularly unavailing considering how many days passed before Snider ever sought a TRO. The present circumstances do not merit consideration of a request for a TRO or temporary injunction without first hearing from Defendants.

Moreover, Snider does not demonstrate that the euthanasia of any of her dogs is immediately likely nor, as relevant in this context, that notice of her Motion will cause any Defendant to hurriedly euthanize any dog. Although she cites an alleged Wise County policy that

3

dogs in Wise County Animal Control custody will be euthanized as needed due to space constraints, *see id.* at 5, this blanket policy does not suggest any particular risk of irreparable injury specific to Snider's dogs. Nor does Snider allege that Wise County has custody of Camden or Fancy. She suggests instead that they are in the care of certain unnamed "private individuals." *Id.* at 7. Snider's Complaint also shows that Snider has not seen Camden or Fancy for some twenty months. *Id.* As with Ebony, "their health and current conditions are unknown." *Id.* The Federal Rules require "specific facts," and the Court cannot draw on Snider's speculation alone to determine that there is an immediate risk of irreparable injury to the wellbeing or life of any of the animals in this case. *See* Fed. R. Civ. P. 65(b)(1)(A).

Accordingly, Snider does not carry her burden under Rule 65(b)(1) to demonstrate a risk of immediate and irreparable injury, or that notice of this application for a TRO and temporary injunction should not be required. The Court should therefore deny her Motion. *See Goodson v. City of Dall.*, No. 3:25-cv-816-K-BT, 2025 WL 1373737, at *2 (N.D. Tex. Apr. 7, 2025), *rec. accepted*, No. 3:25-cv-816-K, 2025 WL 1333657 (N.D. Tex. May 7, 2025) ("A failure to satisfy Rule 65(b)(1)'s requirements, standing alone, is a sufficient basis to deny [a] request for a TRO."). Additionally, Snider has not complied with the conference requirement in the Court's Local Civil Rule 7.1(b).

## IV.    CONCLUSION

Although the Court is sympathetic to Snider's concerns about her dogs, the proper course in this case is to wait for the pertinent defendants to make an appearance in the case and proceed with Snider's request for a temporary injunction in due course, if she wishes to proceed with it after the Defendants appear. For these reasons, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Snider's Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 11, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE